IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TREMAIN HOGAN, | CASE NO. 1:23-CV-02279-CEF |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN MICHAEL SWARTZ, | **ORDER AND REPORT AND RECOMMENDATION** |
| Defendant. | |

## INTRODUCTION

On November 27, 2023, Petitioner Tremain Hogan, representing himself, filed a petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus. (ECF #1). The matter was referred to me pursuant to Local Civil Rule 72.2 to prepare a Report and Recommendation. (Non-document entry of Jan. 17, 2024). Respondent Warden Michael Swartz (hereinafter, the State) filed his Answer and the state court record. (ECF #15). Mr. Hogan then filed a motion for leave to amend the complaint. (ECF #18). The State opposes the motion, claiming that an amendment would be futile. (ECF #19).

For the reasons discussed below, I **DENY** Mr. Hogan's motion to amend and recommend the District Court **DISMISS** the petition as moot.

## BACKGROUND

In October 2009, a Franklin County jury found Mr. Hogan guilty of rape, attempted rape, and kidnapping. (ECF #15-1 at PageID 105). The trial court sentenced him to a total of 19 years in prison with 5 years of mandatory post-release control (PRC) and declared him as a Tier III sexual offender with lifetime registration duties. (*Id.* at PageID 105-06). On remand from the Tenth Appellate District, the trial court resentenced Mr. Hogan to 13 years in prison with 5 years of mandatory PRC. (*Id.* at PageID 261-62).

1

On November 25, 2021, the Ohio Adult Parole Authority (APA) released Mr. Hogan to serve his term of PRC and ordered him to complete a halfway-house program. (*Id.* at PageID 264-65). In April 2022, Mr. Hogan was removed from the halfway house program for failing to abide by the program's policies. (*Id.* at PageID 294). Mr. Hogan was then placed in the EXIT/CTHP program. (*Id.*). On May 16, 2022, APA officers arrested Mr. Hogan for violating program rules. (*Id.*). At the in-custody hearing, the trial court imposed 118 days of Prison Sanction time on Mr. Hogan and ordered him to wear an electronic monitoring unit on release for 60 to 75 days. (*Id.*).

Following completion of the Prison Sanction time, Mr. Hogan was placed on an ankle monitor. (*Id.*). Within a few days, APA officers arrested Mr. Hogan for removing his ankle monitor, assaulting another resident in the EXIT program, and using suspected methamphetamine. (*Id.*). He received notice of the release-violation hearing. (*Id.* at PageID 269-71). At the in-custody hearing, Mr. Hogan was found guilty of the violations and was sanctioned to 139 days of Prison Sanction time and 90 days on an ankle monitor thereafter. (*Id.* at PageID 278).

He was released on May 7, 2023. (*Id.* at PageID 294). Five days later, APA officers re-arrested Mr. Hogan for failing to abide by the conditions of his release and placed him in the Montgomery County Jail. (*Id.* at PageID 292-93). Days later, a captain at the jail informed the APA officers that Mr. Hogan refused to go to any housing location, accused jail staff of feeding him a "shit sandwich," threatened to spit on a corrections officer, and refused to comply with orders, requiring the corrections officer to call for additional units. (*Id.* at PageID 293). He was charged with release violations for "recklessly caus[ing] inconvenience, annoyance, or alarm to [the corrections officer]," "knowingly caused [the corrections officer] to believe [Mr. Hogan] would cause harm to him," and "fail[ure] to comply with a written sanction issued by a Parole Board Hearing Officer requiring you to have [n]o phone with camera [c]apabilities." (*Id.* at PageID 299). The first two violations were based on Mr. Hogan's failure to obey federal, state, and local laws and ordinances. (*Id.* at PageID 280). On June 26, 2023, the hearing officer found Mr. Hogan guilty of the release violations, imposed 180 days of Prison Sanction time at the MonDay CBCF program facility. (*Id.* at PageID 300).

On August 30, 2023, Mr. Hogan was unsuccessfully terminated from the MonDay CBCF program after he assaulted another program client. (*Id.* at PageID 306, 312, 318). He was charged

2

with release violations for failing to complete the MonDay program and causing physical harm to another. (*Id.* at PageID 323). On October 4, 2023, the hearing officer found Mr. Hogan guilty of the release violations, imposed 204 days of Prison Sanction time, and ordered Mr. Hogan to complete a cognitive behavioral program. (*Id.* at PageID 325). Mr. Hogan was released on PRC on April 25, 2024, and remains under the supervision of the APA. (*See id.* at PageID 635).

In his original petition, Mr. Hogan asserted one ground for relief:

> The Adult Parole Authority violated petitioner's constitutional rights when it imposed a prison term by taking quasi-judicial action for which it had no authority and when the charges were completely erroneous and false.

(ECF #1 at PageID 8).

In response, the State alleged the claim is not cognizable on federal habeas review. (ECF #15 at PageID 88-89). After the State filed the Return of Writ and the state-court record, Mr. Hogan was re-released on PRC and moved to amend the petition to assert the following grounds for relief:

> **Ground One**: Petitioner's 14th Amendment to Due Process was violated when the Ohio Adult Parole Authority wrongfully convicted and incarcerated Petitioner for 350 days for crimes he did not commit. The wrongful conviction carries collateral consequences and evades review.
>
> **Ground Two**: Respondents OAPA violated Petitioner's constitutional rights when they took quasi-judicial authority and charged, convicted, and sentenced for alleged crimes against the State of Ohio, violating the separation of powers.

(ECF #18-1 at PageID 641, 647).

The State opposed the motion to amend the petition as futile, stating the proposed new grounds are not cognizable on federal habeas review. (ECF #19 at PageID 665). In addition, the State asserts Mr. Hogan's release to APA supervision moots the case, requiring dismissal. (*Id.* at PageID 666).

LAW AND ANALYSIS

The State argues Mr. Hogan's motion to amend the petition is futile because the proposed grounds for relief are not cognizable on federal habeas review. (ECF #19 at PageID 665). The State also argues the petition is moot because Mr. Hogan was re-released on PRC, does not challenge his conviction, and does not demonstrate a concrete and continuing injury or a collateral consequence

3

resulting from the PRC revocation. (ECF #15 at PageID 93-94, n.7 (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)).

**I.      The motion to amend is denied.**

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in civil cases and applies to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The Rule permits a party to amend a pleading 21 days after service of a responsive pleading or motion to dismiss and in all other cases, only by leave of court which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant a motion to amend, courts consider a variety of factors, including "[u]ndue delay in filing, lack of notice by the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The court may deny a motion to amend a habeas petition where an amendment would be futile because the proposed claim lacks merit on its face. *See Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) (noting that the district court may deny leave to amend a habeas petition if the proposed amendments would be futile).

Here, Mr. Hogan's proposed amended grounds for relief do not allege new claims. In his original petition, Mr. Hogan claimed the APA does not have the authority to revoke his PRC and he did not commit the alleged release violations. (ECF #1 at PageID 8). In his proposed amended petition, Mr. Hogan claimed he did not commit the alleged release violations and the revocation of PRC has collateral consequences (Ground One) and the APA charged, convicted, and sentenced him for alleged crimes though it did not have the authority to do so (Ground Two).

Essentially, the original and amended grounds for relief both challenge the APA's revocation decision and the revocation proceedings themselves. The only substantive difference is Mr. Hogan's assertion that collateral consequences stem from that revocation. This does not represent a new ground for relief but an argument that his petition is not moot. Therefore, I **DENY** Mr. Hogan's motion to amend the petition. I will consider his asserted collateral consequences to determine whether his petition is moot.

## II. Mr. Hogan's re-release on PRC moots this habeas petition.

Federal courts may entertain a habeas corpus petition only if the petitioner is "in custody pursuant to the judgment of a State court" and claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" requirement to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Federal courts review only actual cases or controversies, U.S. Const., Art. III, § 2, and thus "have no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). As such, if a case becomes moot during an appeal, the reviewing court must dismiss it. *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) (en banc).

A pending habeas petition is not mooted by a petitioner's release from prison where collateral consequences of conviction exist. *Carafas*, 391 U.S. at 237-38. Courts may "presume that a wrongful criminal conviction has continuing collateral consequences." *Spencer*, 523 U.S. at 8. For example, a habeas petitioner often "cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election . . . ; he cannot serve as a juror." *Carafas*, 391 U.S. at 237. Here, Mr. Hogan does not attack his criminal convictions but rather the PRC revocation itself.

In *Spencer*, the Supreme Court addressed mootness in the context of a habeas petition challenging a parole-revocation proceeding. 523 U.S. at 3. There, the petitioner asserted a dueprocess challenge to a Missouri order revoking his parole. *Id.* at 5. But before the district court ruled on the petition, the petitioner was re-released on parole and his term of imprisonment expired. *Id.* at 6. As the Court explained, "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7. Unlike when a released petitioner contests his underlying criminal conviction, the presumption of continuing collateral consequences does not extend to parole-revocation challenges. *Id.* at 12-14. Accordingly,

5

if a petitioner disputes a parole revocation but has already completed his term of reincarceration, he must demonstrate collateral consequences stemming from the revocation or face dismissal of his claims. *Id.* at 14.

Mr. Hogan asserts the following as collateral consequences sufficient to overcome dismissal of his petition as moot:

> Petitioner will be punished for the wrongful incarceration with excessive sanctions, controlled movement. Most prejudicial, Petitioner can receive an unfavorable termination certificate of final release from PRC, Ohio Revised Codes 2967.16(A), O.A.C. 5120-1-1-42(A).
>
> Ohio Law provides: Unfavorable designation shall be considered as a relevant factor in sentencing. The wrongful conviction and prison term for the crimes of menacing and disorderly conduct. Will prejudice Hogan. 2929.12(D)(1) provides that a sentencing court shall consider whether the offender was unfavorably terminated from P.R.C. for prior offense.

(ECF #18-1 at PageID 645).

In *Spencer,* the Supreme Court determined that certain alleged consequences do not constitute sufficient proof of collateral consequences, including claims like Mr. Hogan's of detriment in a future parole or sentencing proceeding or use against the petitioner as a defendant in a future criminal proceeding. *See* 523 U.S. at 14. Such harm is too speculative to keep his controversy alive. *Id.* Mr. Hogan has failed to show any collateral consequences arose from the revocation of his probation. Absent that showing, his claims regarding the revocation of his parole are rendered moot by the completion of the imprisonment term and his discharge from custody. *Id.* at 7-14.

To the extent Mr. Hogan argues his case falls within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review" (*see* ECF #18-1 at PageID 645), the argument does not save his petition from dismissal. The exception's applicability is limited to situations where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam); *see also Lane v. Williams,* 455 U.S. 624, 633-34 (1982); *Rosales-Garcia,* 322 F.3d at 396. The second prong of the analysis requires a "reasonable expectation" or a

6

"demonstrated probability" that "the controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (internal citation omitted). The exception does not apply here because Mr. Hogan has not shown that the 204 days between the PRC revocation and the expiration of the sentence is always so short as to evade review. *See Spencer*, 523 U.S. at 18. Nor has he alleged a reasonable expectation or demonstrated probability that he would be subjected to the same action again by being placed on PRC in the future and have that PRC revoked. *See id.*

Therefore, I recommend the District Court **DISMISS** the original petition as moot.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to grant a COA. *Miller-El*, 537 U.S. at 337.

Mr. Hogan has made not substantial showing of the denial of any constitutional right. Jurists of reason would not find it debatable whether the grounds for relief are valid claims of the denial of constitutional rights. Therefore, I recommend the District Court **DENY** Mr. Hogan a COA.

7

CONCLUSION AND RECOMMENDATION

Based on the foregoing, I **DENY** Mr. Hogan's motion to amend his petition and recommend the District Court **DISMISS** the original petition as moot and **DENY** a Certificate of Appealability.

Dated: August 28, 2024

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).