UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TREMAIN HOGAN, | ) | CASE NO. 1:23-CV-02279 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE DARRELL A. CLAY |
| | ) | |
| WARDEN MICHAEL SWARTZ, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Defendant. | ) | **MAGISTRATE JUDGE'S REPORT** |
| | ) | **AND RECOMMENDATION** |

On November 27, 2023, Plaintiff Tremain Hogan ("Plaintiff") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254 (ECF No. 1). On August 28, 2024, Magistrate Judge Darrell A. Clay submitted a Report and Recommendation ('R&R"), recommending that the Court dismiss Plaintiff's Petition. (ECF No. 20). Petitioner timely filed his objections to the R&R on September 13, 2024. (ECF No. 21). Upon consideration of Petitioner's objections, the Court **ADOPTS** the R&R in its entirety. The petition is hereby **DENIED AS MOOT** and **DISMISSED**.

I. **FACTUAL BACKGROUND**

On August 28, 2024, Magistrate Judge Clay issued the R&R recommending that this Court deny the petition as moot and decline to issue a certificate of appealability. (ECF No. 20, PageID 674). The Court **ADOPTS** Magistrate Judge Clay's findings of fact under the section titled "BACKGROUND." (*Id.* at PageID #667–69). On September 13, 2024, Petitioner objected to the R&R. (ECF No. 21). Petitioner claims that his petition is not moot because he meets the "in custody" requirement of 28 U.S.C. 2254(a). (*Id.* at PageID 678–81). He also claims that the constitutional violations enumerated in his petition are capable of repetition yet evade review and are thus excepted from the mootness doctrine. (*Id.* at PageID #675).

1

## II. LEGAL STANDARD

### A. Review of the R&R

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42, 49-50 (1985). While Petitioner asserts objections to the R&R's mootness determination, its conclusion that the conduct at issue is not capable of repetition yet evades review, and its recommendation not to issue a certificate of appealability, Petitioner's arguments all center on the mootness issue. The Court therefore reviews *de novo* Petitioner's claims that his petition is not moot.

### B. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to consider an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Petitioner was in custody at Toledo Correctional Institution when he filed his petition. (ECF No. 1, PageID #1). Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

### C. Mootness

Article III limits the jurisdiction of federal courts to ongoing "cases" and "controversies." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). To invoke that jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed

2

by a favorable judicial decision"—or more simply put, standing. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). But the injury attributed to the opposing party and the court's ability to redress it must persist throughout the life of the case. *Id.* at 477–78 (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). When the controversy dies—for example, the complainant's injury is redressed in some other way or the court loses the ability to redress it due to some intervening act—the case becomes moot and the federal court loses jurisdiction to hear it, thus requiring dismissal for mootness. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (explaining that a case becomes moot when the issues presented are no longer live or the parties lack a cognizable interest in the outcome). Establishing mootness requires satisfaction of a heavy burden. "[A] case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *City of Parma v. Cingular Wireless, LLC*, 200 F. App'x 423, 429 (6th Cir. 2006) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

## III. DISCUSSION

The Magistrate Judge concluded that the petition is moot because of his re-release to post-release control ("PRC") and his failure to produce sufficient proof of collateral consequences stemming from his incarceration following PRC revocation. (ECF No. 20, PageID #672). Indeed, 28 U.S.C. § 2254(a) provides habeas relief only to those "in custody in violation of the Constitution or laws or treaties of the United States" at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). A petitioner's release does not moot his petition when there are collateral consequences of the conviction; even so, there

3

is no presumption of collateral consequences associated with incarceration based on PRC revocation. *Spencer v. Kemna*, 523 U.S. 1, 8–14 (1998).

> Before the Magistrate Judge, Petitioner claimed the following collateral consequences:
>
>> Petitioner will be punished for the wrongful incarceration with excessive sanctions, controlled movement. Most prejudicial, Petitioner can receive an unfavorable termination certificate of final release from PRC, Ohio Revised Codes 2967.16(A), O.A.C. 5120-1-1-42(A).
>>
>> Ohio Law provides: Unfavorable designation shall be considered as a relevant factor in sentencing. The wrongful conviction and prison term for the crimes of menacing and disorderly conduct. Will prejudice Hogan. 2929.12(D)(1) provides that a sentencing court shall consider whether the offender was unfavorably terminated from P.R.C. for prior offense.

(ECF No. 18-1, PageID #645). As the Magistrate Judge observed, the Supreme Court in *Spencer* rejected this type of collateral consequence as satisfying the injury-in-fact necessary to avoid mootness because it is too remote:

> Petitioner asserts four concrete injuries-in-fact attributable to his parole revocation. First, he claims that the revocation could be used to his detriment in a future parole proceeding. This possibility is no longer contingent on petitioner's again violating the law; he has already done so, and is currently serving a 7-year term of imprisonment. But it is, nonetheless, still a possibility rather than a certainty or even a probability.

*Spencer v. Kemna*, 523 U.S. 1, 14 (1998). The same is true here; whether Petitioner will suffer future detriment in future parole or sentencing proceedings is too speculative to keep this controversy alive. *Wiltzke v. Brewer*, 849 F.3d 338, 342 (6th Cir. 2017). While Petitioner now claims that he has suffered additional collateral consequences such as lost employment, homelessness, lost communication with loved ones, and mental distress, these matters were not raised before the Magistrate Judge and are therefore waived. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996). The petition is therefore moot based on Petitioner's re-release. To the extent that Petitioner has since been reincarcerated, such reincarceration appears to be unrelated to the claims

addressed in the petition and thus does not undo the mootness determination made by the Magistrate Judge.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Clay's R&R and incorporates it herein by reference.  The Court hereby **DENIES** and **DISMISSES** the Petition.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Dated: October 28, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**